IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARK HILLS, ) | |
| #57240-177, ) | |
| Movant, ) | |
| vs. ) | No. 3:21-CV-1941-S (BH) |
| ) | |
| UNITED STATE OF AMERICA, ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure to prosecute or follow orders of the court.

### I.  BACKGROUND

Mark Hills (Movant), an inmate incarcerated in the United States Bureau of Prisons, filed a letter that was received in the underlying criminal case on August 17, 2021, in which he requested a reduction of sentence.  (*See* doc. 2.)  By *Order* dated August 19, 2021, Movant was notified that because he appeared to challenge his underlying conviction and sentence on grounds that his offense of conviction was not a crime of violence, his letter was being construed as a motion to vacate sentence under 28 U.S.C. § 2255 and filed in a new civil case.  (*See* doc. 3.)  Because Movant had not designated his filing as a § 2255 motion or previously filed a § 2255 motion, he was provided the notice and warnings about the consequences of the characterization of the filing in part as a § 2255 motion, as required by *Castro v. United States*, 540 U.S. 375 (2003), by order dated August 20, 2021.  (*See* doc. 4.)  He was ordered to either amend the recharacterized § 2255 motion so that it contained all of the grounds for relief that he believed were available to him under § 2255, or to file a notice that he intended to dismiss the case, within 30 days.  (*See id.*) Copies of the appropriate

---

[1]  By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

form for a § 2255 motion were attached to the order. More than 30 days from the date of the order have passed, but he still has not complied with it or otherwise responded in any way.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Here, Movant was given 30 days to either submit an amended § 2255 motion or withdraw his recharacterized filing. More than 30 days from the date of the order have passed, but he still has not complied with it or otherwise responded in any way.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless Movant submits a properly completed § 2255 motion within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 13th day of December, 2021.**

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE